## IN THE UNITED STATES  DISTRICT COURT
## DISTRICT OF COLORADO

Danielle Kent,                  )
                                        )

      Plaintiff,              )
                                          )

      v.                     )     No.   1:21-cv-3385
                                          )

Wakefield & Associates, Inc., a      )
Colorado corporation,           )
                                          )

      Defendant.           )     <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Danielle Kent, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Danielle Kent ("Kent"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Inpatient Consultants Colorado, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Wakefield & Associates, Inc. ("Wakefield"), is a Colorado corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Wakefield operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in most states, including consumers in the State of Colorado. In fact, Defendant Wakefield was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant Wakefield is authorized to conduct business in Colorado, and maintains a registered agent here, <u>see</u>, records from the Colorado Secretary of State, attached at Exhibit <u>A</u>.

## FACTUAL ALLEGATIONS

6.      Ms. Kent is a disabled woman, with limited assets and income, who fell behind on paying her bills, including the debt she allegedly owed to Inpatient Consultants. When Wakefield began trying to collect this debt from Ms. Kent, by calling her, including, but not limited to, a telephone call on August 23, 2021, from telephone number 833-586-1084, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program concerning Wakefield's collection actions.

7.      Accordingly, on August 26, 2021, one of Ms. Kent's attorneys at LASPD informed Wakefield, in writing, that Ms. Kent was represented by counsel, and directed Wakefield to cease contacting her, and to cease all further collection activities because Ms. Kent was forced, by her financial circumstances, to refuse to pay her unsecured debts. A copy of this email/letter is attached as Exhibit <u>B</u>.

2

8.      Nonetheless, Defendant Wakefield called Ms. Kent again directly, including, but not limited to, a telephone call on August 30, 2021, from telephone number 833-586-1084, to demand payment of the debt owed to Inpatient Consultants.

9.      Accordingly, on August 31, 2021, one of Ms. Kent's LASPD attorneys had to write to Defendant Wakefield to demand, yet again, that it cease communications and cease collection of the debt. A copy of this email/letter is attached as Exhibit C.

10.      Undeterred, on September 8, 2021, Defendant Wakefield again directly called Ms. Kent from the same number to demand payment of the debt owed to Inpatient Consultants Colorado. Moreover, Defendant Wakefield also sent a letter, dated September 9, 2021, directly to Ms. Kent, attempting to collect the Inpatient Consultants Colorado debt. A copy of this letter is attached as Exhibit D.

11.      Defendant Wakefield's collection actions complained of herein occurred within one year of the date of this Complaint.

12.      Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, e.g., Deporter v. Credit Bureau of Carbon County, 2015 U.S.Dist.LEXIS 55345 at [*7]-[*8] (D.Colo. 2015); Molkandow v. Cobb, 2019 U.S.Dist.LEXIS 22589 at [*5]-[*6] (D.Colo. 2019).

**ARTICLE III STANDING**

13.      In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14.     To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c); see also, Lupia v. Medicredit, 8 F.4th 1184, 1190 (10th Cir. 2021).

15.     Ms. Kent had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's collection communications made her believe that her demands had been futile and that she did not have the rights that Congress had granted her under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Kent's legally-protected right to be left alone and her right to privacy – rights granted to consumers under § 1692c of the FDCPA. Moreover, Ms. Kent had to go to the trouble and expense of having her counsel at LASPD send yet another letter to Defendant to tell them to leave her alone, see, Exhibit C.

16.     Ms. Kent had been informed by counsel that she had a right to be represented by counsel as to her debt. Defendant's collection communications made her believe that she did not have the right to be represented by counsel as to her debt. Defendant's collection actions resulted in a direct invasion of Ms. Kent's legally-

protected right to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA.

17.      Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether she could refuse to pay the debt, whether she had the right to be left alone and whether she could be represented by counsel– all of which upset, emotionally distressed, and alarmed Ms. Kent.

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

18.      Plaintiff adopts and realleges ¶¶ 1-17.

19      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20.      Here, the letter from Ms. Kent's attorneys at LASPD told Defendant Wakefield to cease communications and cease collections (Exhibits B and C).  By continuing to communicate regarding payment of this debt, Defendant Wakefield violated § 1692c(c) of the FDCPA.

21.      Defendant Wakefield's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22.      Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24.     Defendant Wakefield knew that Ms. Kent was represented by counsel in connection with this debt because her attorneys at LASPD had informed Defendant, in writing (Exhibits B and C), that she was represented by counsel, and had directed Defendant Wakefield to cease directly communicating with her. By directly calling Ms. Kent and sending a collection letter directly to her, despite being advised that she was represented by counsel, Defendant Wakefield violated § 1692c(a)(2) of the FDCPA.

25.     Defendant Wakefield's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Danielle Kent, prays that this Court:

1.     Find that Defendant Wakefield's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Kent, and against Defendant Wakefield, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Danielle Kent, demands trial by jury.

Danielle Kent,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  December 17, 2021

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com